UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                               :
:
:
:
     -v-                                                            :    21-cr-793 (LJL)
:
MARCUS WILLIAMS,                                          :    MEMORANDUM AND
:             ORDER
                  Defendant.                          :
:
-----------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/23/2024
```

LEWIS J. LIMAN, United States District Judge:

    Defendant Marcus Williams moves, through counsel and pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a one-year reduction of his sentence to a term of imprisonment of 36 months.  Dkt. No. 33.  He notes that, while incarcerated, he has completed a parenting class, "received his [commercial driver's license], and received another certification," and is on the "waiting list for the residential drug treatment program."  *Id.* at 2.  He also asks for "help" from counsel in connection with his motion.  *Id.*

## DISCUSSION

    Section 3582(c)(2) of Title 18 of the U.S. Code authorizes the Court to grant a reduction of sentence only under limited, prescribed circumstances.  The statute permits the Court, on motion or on its own motion, to reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020).  Section

1B1.10 of the U.S. Sentencing Guidelines is the applicable policy statement. U.S.S.G. § 1B.10. Where the applicable Guideline range has been lowered, "[t]he statute . . . establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010); *see United States v. Laporta*, 2024 WL 1348691, at *1 (E.D.N.Y. Mar. 24, 2024). A court generally may not reduce the defendant's term of imprisonment to a term less than the minimum of the amended Guideline range. *Dillon*, 560 U.S. at 827.

Mr. Williams is not eligible for a modification of sentence. *See* Dkt. No. 34 at 3. (supplemental presentence report). The Court sentenced Mr. Williams on February 10, 2023, to a term of imprisonment of 48 months, within the then-applicable Sentencing Guidelines range of 46 to 57 months. Dkt. No. 29. That range was based, in part, on the calculation that Mr. Williams' criminal history score was 14, resulting in a criminal history category of VI. Dkt. No. 24 (final presentence report). Mr. Williams's prior criminal convictions resulted in a subtotal criminal history score of 12, which was increased by two points because he committed the instant offense while under supervised release from a prior federal offense and because he was also under parole supervision from a prior state offense. *Id.* ¶ 35 (final presentence report). Part A of Amendment 821 to the Sentencing Guidelines, which was made to apply retroactively as of February 1, 2024, eliminates the status points entirely for a defendant who commits the crime of conviction while on federal supervised release if the defendant otherwise has a criminal history score of below 7 points and reduces the status points to one if the defendant has a criminal history score of 7 points or more. Specifically, the Amendment replaces subsection (d) of Section 4A1.1, which had provided for the addition of two criminal history points for defendants

who commit the offense while under a criminal justice sentence, including, *inter alia*, probation or supervised release," and replaces it with a subsection that instructions that one point is to be added "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Comm'n, *Amendments to the Sentencing Guidelines*, 88 Fed. Reg. 28,254, 28,270 (effective Nov. 1, 2023); *see also United States v. Ross*, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024). The Sentencing Commission explained as the Reason for Amendment:

> Under the previous "status points" provision, two criminal history points were added under §4A1.1 if the defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The amendment limits the overall criminal history impact of "status point" in two ways. First, as revised, the "status points" provision under redesignated subsection (e) applies only to offenders with more serious criminal histories under the guidelines by requiring that an offender have seven or more criminal history points under subsections (a) through (d) in addition to having been under a criminal justice sentence at the time of the instant offense. . . . Second the amendment also reduces from two points to one point the "status points" assessed for offenders to whom the revised provision applies.

U.S.S.G. § 4A1.1. Mr. Williams' subtotal criminal history score is 12 under subsections (a) through (d) of Section 4A.1.1. Dkt. No. 24; Dkt. No. 34 at 2 (supplemental presentence report). Under the revised Guidelines, his subtotal criminal history score is increased by one level because he committed the instant offense under a criminal justice sentence. Dkt. No. 34 at 2. Mr. Williams's criminal history score thus is reduced from 14 to 13. *Id.* But, under Chapter Five, Part A, a criminal history score of 13 still results in Mr. Williams having a Criminal History Category of VI. U.S.S.G. Ch. 5 Pt. A. His Guideline range thus is unchanged and remains 46 to 57 months. *Id.* In short, Mr. Williams was not sentenced to a term of imprisonment "based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

To the extent Mr. Williams asks for appointment of counsel that request is denied. "Because Defendant is ineligible for a sentencing reduction, there is no reason to appoint counsel." *United States v. Ross*, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (citing cases).

## CONCLUSION

Mr. Williams's motion is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 33. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: April 23, 2024
      New York, New York

                                         LEWIS J. LIMAN
                                  United States District Judge