```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
                                                                   :
           -v-                                                     :      21-cr-793 (LJL)
                                                                   :
MARCUS WILLIAMS,                                                   :      ORDER
                                                                   :
                         Defendant.                                :
                                                                   :
------------------------------------------------------------------ :
                                                                   X
```

LEWIS J. LIMAN, United States District Judge:

On December 21, 2021, Marcus Williams ("Defendant"), was indicted on one count of knowingly possessing a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g).  Dkt. No. 2.  On September 21, 2022, Defendant pleaded guilty to the crime.  9/21/22 Minute Entry.  On February 10, 2023, the Court sentenced Defendant to forty-eight months in prison, 2/10/23 Minute Entry, and entered judgment to that effect on February 15, 2023, Dkt. No. 29.  Defendant did not seek direct review of his sentence by appealing to the United States Court of Appeals for the Second Circuit.

On December 26, 2023, Defendant moved for a one-year reduction of his sentence, to a term of thirty-six months, on the basis of Amendment 821 of the Sentencing Guidelines, which eliminates the status points entirely for a defendant who commits the crime of conviction while on federal supervised release if the defendant otherwise has a criminal history score of below seven points, and reduces the status points to one if the defendant has a criminal history score of seven points or more.  Dkt. No. 33.  On April 23, 2024, the Court denied the request on the ground that Defendant's sentencing range under the Guidelines was unchanged.  Dkt. No. 37.

By letter mailed April 15, 2024, and received by the Court on April 23, 2024, Defendant proceeding *pro se*, filed a request for a "status hearing" regarding the representation by his attorney under *Martel v. Clair*, 565 U.S. 648 (2012). Dkt. No. 36. *Martel* concerns federal habeas petitioners' motions to substitute counsel in capital cases. 565 U.S. at 657. Defendant's legal argument, however, concerns the constitutionality of 18 U.S.C. § 922(g). *See id.* Defendant contends that the statute, which makes it unlawful for any individual convicted of a crime "punishable by imprisonment for a term exceeding one year" to possess or transport a firearm, 18 U.S.C. § 922(g), is, as applied to him, violative of the Second Amendment right to bear arms. Dkt. No. 36.

Because Defendant's challenge is to the constitutionality of his federal conviction or sentence, it is properly brought as a petition for a writ of habeas corpus under 28 U.S.C § 2255. *See, e.g.*, *Adams v. United States*, 372 F.3d 132, 134–35 (2d Cir. 2004). Should Defendant wish to have the Court construe his motion as a petition for writ of habeas corpus controlled by 28 U.S.C. § 2255, he should inform the Court by letter by May 8, 2024. *Cf. Wells v. Miller*, 2024 WL 1251171 (S.D.N.Y. Mar. 21, 2024). Because Defendant first filed his motion on April 15, 2024, more than one year after judgment was entered, Defendant, in his letter, should pay special attention to the issue of timeliness, specifically addressing whether the time to bring a § 2255 challenge has run.[1]

---

[1] In the criminal context, the right to appointed counsel "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Courts have no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *see Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) ("[A] habeas petitioner has no constitutional right to counsel in his habeas proceeding."). Rather, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Johnson*, 393 U.S. at 488. District courts do, however, have discretion to appoint counsel for habeas petitioners. Section 2255(g) expressly provides that a district court

SO ORDERED.

Dated: April 24, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

"may appoint counsel," and that appointment of counsel is governed by 18 U.S.C. § 3006A. 28 U.S.C. § 2255(g). Section 3006A(a)(2) provides that representation may be provided "for any financially eligible person" when "the interests of justice so require." 18 U.S.C. 3006A(a)(2). In determining whether the "interests of justice" require the appointment of counsel, district courts look to *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1985), the Second Circuit case articulating the factors that courts should consider in determining whether to appoint an attorney to represent an indigent civil litigant in an analogous context. *See, e.g.*, *Starkes v. United States*, 2020 WL 230944, at *1–2 (S.D.N.Y. Jan. 15, 2020). Should Defendant wish to request the appointment of counsel to represent him in pursuing a habeas petition, Defendant should explain, in his letter to the Court, why the *Hodge* factors militate in favor of the appointment of counsel.