UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                          :

UNITED STATES OF AMERICA,          :

        -v-                          :

                                          :          21-cr-793 (LJL)

MARCUS WILLIAMS,             :

                  Defendant.  :          <u>ORDER</u>

                                           :

------------------------------------------------------------------ :
                                           X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/14/24___

LEWIS J. LIMAN, United States District Judge:

       The Court is in receipt of a letter from Defendant Marcus Williams, dated May 21, 2024,

and received by the Court on June 13, 2024, alleging a litany of constitutional violations

concerning the criminal proceedings against him, his plea, and his current conditions of

confinement.  Dkt. No. 39.  For the following reasons, the Court directs Defendant, who is

proceeding *pro se*, to show cause, by filing a declaration by August 14, 2024 (sixty days of the

date of this order) why this application should not be denied as time-barred.


## BACKGROUND

       On December 21, 2021, Marcus Williams ("Defendant"), was indicted on one count of

knowingly possessing a firearm after being convicted of a crime punishable by imprisonment for

a term exceeding one year in violation of 18 U.S.C. § 922(g).  Dkt. No. 2.  On September 21,

2022, Defendant pleaded guilty to the crime. 9/21/22 Minute Entry.  On February 10, 2023, the

Court sentenced Defendant to forty-eight months in prison, 2/10/23 Minute Entry, and entered

judgment to that effect on February 15, 2023, Dkt. No. 29.  Defendant did not seek direct review

of his sentence by appealing to the United States Court of Appeals for the Second Circuit.  *See*

Fed. R. App. P. 4(b) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment being appealed."). The judgment of conviction thus became final on March 1, 2023—the date on which Defendant's conviction became final. *See, e.g.*, *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam).

After Defendant's conviction became final, and before writing the letter that the Court addresses in this Order, Defendant wrote the Court on three other occasions. The first letter, dated November 26, 2023 and received by the Court on December 26, 2023, did not raise any challenge to the legality of Defendant's conviction or sentence. *See* Dkt. No. 33. It only sought a one-year reduction of Defendant's sentence to a term of thirty-six months, on the basis of Amendment 821 of the Sentencing Guidelines, which eliminates the status points entirely for a defendant who commits the crime of conviction while on federal supervised release if the defendant otherwise has a criminal history score of below seven points, and reduces the status points to one if the defendant has a criminal history score of seven points or more. *Id.* On April 23, 2024, the Court denied the request on the ground that Defendant's sentencing range under the Guidelines was unchanged. Dkt. No. 37.

The second letter, dated February 25, 2024, reiterated Defendant's request that the Court reduce his sentence pursuant to Amendment 821. *See* Dkt. No. 35. Defendant also raised concerns about his medical treatment in prison.[1] *Id.*

It was not until Defendant's third letter, dated April 15, 2024 that he raised a challenge to

---

[1] To the extent that Defendant wishes to move for a reduction in sentence, up to and including release from prison, based on his medical condition, he may do so by seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) after satisfying statutory exhaustion requirements. In his motion, Defendant must explain the "extraordinary and compelling reasons warrant" a sentence reduction. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

the legality of his conviction or sentence.  *See* Dkt. No. 36.  Defendant wrote the Court

contending that the statute under which he was convicted, which makes it unlawful for any

individual convicted of a crime "punishable by imprisonment for a term exceeding one year" to

possess or transport a firearm, 18 U.S.C. § 922(g), is, as applied to him, violative of his Second

Amendment right to bear arms, Dkt. No. 36.


      The Court addressed Defendant's request for a sentence reduction and his challenge to

the Second Amendment constitutionality of his conviction in two orders of late April 2024.  *See*

Dkt. Nos. 37, 38.  On April 23, 2024, the Court issued an order denying Defendant's motion for

a sentence reduction pursuant to Amendment 821.  *See* Dkt. No. 37.  The Court explained that

Defendant was ineligible for a sentence reduction because the applicable sentencing range

remained unchanged.  Dkt. No. 37.  On April 24, 2024, the Court issued an Order explaining that

because Defendant's legal argument concerned the constitutionality of his conviction or

sentence, it was properly brought as a motion for a writ of habeas corpus under 28 U.S.C.

§ 2255.  Dkt. No. 38.  The Court directed Defendant to inform the Court by May 8, 2024 whether

he wished the Court to construe his motion as a motion for writ of habeas corpus controlled by

28 U.S.C. § 2255, and, if so, to pay special attention to whether the motion was timely.  *Id.*[2]

      About one month later, on May 21, 2024, Defendant sent the letter presently before the

Court.  *See* Dkt. No. 39.  In the letter, Defendant—seemingly unaware of the Court's prior

rulings denying his application for a sentence reduction under Amendment 821 and explaining

that his collateral attack on his conviction was properly made pursuant to 28 U.S.C. § 2255[3]—

---

[2] To the extent that the Court's prior ruling ordering Defendant to inform the Court whether he
intends to pursue habeas relief under Section 2255, this Order controls.
[3] Defendant asserts that he has not received his sentence transcript from his attorney, or any

again reiterates his view that he is eligible for relief under Amendment 821 of the Sentencing

Guidelines, and also raises several new challenges to the constitutionality of his conviction.  *Id*.

Defendant does not reiterate his Second Amendment challenge to the constitutionality of his

conviction, and instead challenges his conviction as violative of his Sixth Amendment right to

effective assistance of counsel and Eighth Amendment right to be free from cruel and unusual

punishment.  Defendant contends that his conviction runs afoul his Sixth Amendment effective

assistance right because the attorney that represented him during the criminal proceedings forced

him to take a plea deal.  This challenge, like Defendant's Second Amendment challenge, is

properly brought as a motion under Section 2255.  *See, e.g.*, *United States v. Doe*, 365 F.3d 150,

152–55 (2d Cir. 2004).  Defendant also contends that he is being subjected to cruel and unusual

punishment in violation of the Eighth Amendment.  To the extent Defendant wishes to assert that

the conditions of his confinement are violative of the Eight Amendment's prohibition on cruel

and unusual punishment, such a claim must be made in a separate lawsuit naming the individuals

or entities responsible for Defendant's injuries. But, to the extent that Defendant contends that

his sentence violates the Eighth Amendment because it is disproportionate to the nature of the

crime, that challenge too is properly construed as a motion for habeas relief pursuant to 28

U.S.C. § 2255.  *See, e.g.*, *McClelland v. Kirkpatrick*, 778 F. Supp. 2d 316, 337 (W.D.N.Y. 2011).

**DISCUSSION**

As to Defendant's most recent request for a sentence reduction based on Amendment

821, the Court's prior finding that Defendant is ineligible for a sentencing reduction remains

---

response from the Court to his letter motions.  Dkt. No. 39.  The Court remedies this today by
ordering the Clerk of Court to mail copies of this Order, as well as the Court's previous orders, to
Defendant.  The Court's April 23 Order denying Defendant's request for a reduction in sentence
remains unchanged.

unchanged.  As to Defendant's complaints of Second, Sixth, and Eighth Amendment violations,

the Court understands the allegations as seeking relief pursuant to 28 U.S.C. § 2255 as they

challenge the constitutionality of the underlying conviction.  However, because, as discussed

below, the challenges appear to be time-barred, and thus the Court orders Defendant to show

cause by August 14, 2024 why the application should not be denied as time-barred.

A.      **Designation of Application as Motion Under 28 U.S.C. § 2255**

Defendant's third and fourth letters are properly construed as motions for habeas relief

under 28 U.S.C. § 2255 because he seeks to challenge the constitutionality of his conviction

under the Second, Sixth, and Eighth Amendments.  *See Jiminian v. Nash*, 245 F.3d 144, 146-47

(2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to

his conviction and sentence"); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001)

("Where a motion, nominally seeking an extension of time, contains allegations sufficient to

support a claim . . . , a district court is empowered, and in some instances may be required, under

*Haines* [*v. Kerner*, 404 U.S. 519, 520-21 (1972),] to treat that motion as a substantive motion for

relief.").  An incarcerated individual in federal custody may bring a motion for habeas corpus

under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it is in violation

of the Constitution or United States law, was imposed without jurisdiction, exceeds the

maximum penalty, or it is otherwise subject to collateral attack.  28 U.S.C. § 2255.   The Court is

obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments

they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260

F.3d 78, 83 (2d Cir. 2001).

Defendant will have one opportunity within the limitations period for a full adjudication

of his claims.  If Defendant does not wish his claim to be one to pursue relief under § 2255, he may notify the Court in writing within sixty days, namely by August 14, 2024, that he wishes to withdraw the application.  *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam).  If Defendant does not inform the Court of his intent by August 14, 2024, the application will be considered as a motion under 28 U.S.C. § 2255.

### B.    Applicable Statute of Limitations

Defendant's application appears to be time-barred by the statute of limitations in Section 2255.  Section 2255 imposes a one-year statute of limitations on motions to set aside unlawful convictions or sentences.  28 U.S.C. § 2255.  An incarcerated individual seeking relief under § 2255 thus must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2255(f).  The applicable benchmark date here appears to be the date that the judgment of conviction became final—in this case, March 1, 2023, thus it appears the latest Defendant could pursue a 2255 challenge to the constitutionality of his conviction was March 1, 2024.  But Defendant did not file his first legal challenge to his conviction April 15, 2024.

Accordingly, if Defendant does not inform the Court on a timely basis that his motion should not be considered as one under Section 2244, Defendant is directed to show cause by September 16, 2024 why this application should not be denied as time-barred.  Defendant

should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant equitable tolling the statute of limitations for § 2255 motions).

## CONCLUSION

Within sixty days of the date of this Order—August 14, 2024—Defendant must notify the Court in writing if he wishes to withdraw the motion.  If Defendant chooses not to withdraw his motion, he must show cause by September 16, 2024 why the motion should not be dismissed as time-barred. For Defendant's convenience, a declaration form is attached to this order.  If Defendant files a declaration within the time allowed, the Court will review it, and if proper, order that the motion be served on the United States government.  If Defendant fails to comply with this order, and cannot show good cause to excuse such failure, the motion will be denied as time-barred.  No answer will be required at this time.

Because Defendant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order, the Court's Orders at Dkt. Nos. 37 and 38, and the sentencing transcript at Dkt. No. 31, to Defendant.

SO ORDERED.

Dated: June 14, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

7

AO 243 (Rev. 09/17)

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for**
    **Address**
    **City, State  Zip Code**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name *(under which you were convicted)*: | | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: | |
| UNITED STATES OF AMERICA<br>V. | Movant *(include name under which convicted)* | |

**MOTION**

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:



    (b) Criminal docket or case number (if you know): _____

2.  (a) Date of the judgment of conviction (if you know): _____
    (b) Date of sentencing: _____

3.  Length of sentence: _____

4.  Nature of crime (all counts):




5.  (a) What was your plea?  (Check one)
       (1)  Not guilty ☐      (2)  Guilty ☐      (3)  Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
    what did you plead guilty to and what did you plead not guilty to?




6.  If you went to trial, what kind of trial did you have?  (Check one)   Jury ☐   Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐

AO 243 (Rev. 09/17)

8.   Did you appeal from the judgment of conviction?          Yes ☐          No ☐

9.   If you did appeal, answer the following:

     (a)  Name of court: _____

     (b)  Docket or case number (if you know): _____

     (c)  Result: _____

     (d)  Date of result (if you know): _____

     (e)  Citation to the case (if you know): _____

     (f)  Grounds raised:

     (g)  Did you file a petition for certiorari in the United States Supreme Court?          Yes ☐          No ☐

          If "Yes," answer the following:

          (1)  Docket or case number (if you know): _____

          (2)  Result: _____

          (3)  Date of result (if you know): _____

          (4)  Citation to the case (if you know): _____

          (5)  Grounds raised:

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
       Yes ☐          No ☐

11.   If your answer to Question 10 was "Yes," give the following information:

      (a)  (1)  Name of court: _____

           (2)  Docket or case number (if you know): _____

           (3)  Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: _____

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ☐     No ☐

(2) Second petition:     Yes ☐     No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12.    For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** _____

_____

     (a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

     (b)  **Direct Appeal of Ground One:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            Yes ☐        No ☐

        (2)  If you did not raise this issue in your direct appeal, explain why:

     (c)  **Post-Conviction Proceedings:**

        (1)  Did you raise this issue in any post-conviction motion, petition, or application?

            Yes ☐        No ☐

        (2)  If you answer to Question (c)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available):

        (3)  Did you receive a hearing on your motion, petition, or application?

            Yes ☐        No ☐

AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:


(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):


(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):


(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** _____

_____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____


(3)   Did you receive a hearing on your motion, petition, or application?

　　　Yes ☐　　No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

　　　Yes ☐　　No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

　　　Yes ☐　　No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____


(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:

_____


13.　　Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which
　　　ground or grounds have not been presented, and state your reasons for not presenting them:

AO 243 (Rev. 09/17)

14.    Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?        Yes ☐        No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At the preliminary hearing:

(b)  At the arraignment and plea:

(c)  At the trial:

(d)  At sentencing:

(e)  On appeal:

(f)  In any post-conviction proceeding:

(g)  On appeal from any ruling against you in a post-conviction proceeding:

16.    Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐        No ☐

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ☐

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☐

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .

(month, date, year)

Executed (signed) on _____ (date)

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.